IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BETTY TINSLEY,**

    **Plaintiff,**

v.                                              Case No.: 3:13-cv-23241

**ONEWEST BANK, FSB, D.B.A.
FINANCIAL FREEDOM,**

    **Defendant.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court is Plaintiff's Motion to Compel Production and Request for Reasonable Attorney Fees. (ECF No. 46). Defendant filed a response in opposition to the motion to compel, (ECF No. 51), and the time to file a reply memorandum has expired. On December 9, 2014, the parties appeared for oral argument. After considering the arguments of counsel, the Court **GRANTS**, in part, and **DENIES**, in part, the motion to compel as set forth below. In addition, the Court **DENIES** Plaintiff's motion for reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A) and 37(a)(5)(C).

## I.   <u>Relevant Procedural History</u>

Plaintiff filed the instant action in the Circuit Court of Putnam County, West Virginia on August 16, 2013, seeking damages related to a reverse mortgage she entered into with Financial Freedom Senior Housing Funding Corporation, the direct predecessor of defendant Financial Freedom. Plaintiff claimed breach of contract, fraud, intentional misrepresentation, violations of the West Virginia Consumer Credit and

1

Protection Act ("WVCCPA"), intentional infliction of emotional distress, negligence, and reckless or negligent misrepresentation stemming from allegedly inappropriate service fees imposed by Defendant, and from Defendant's practice of force-placing and charging Plaintiff for excessive and unnecessary flood insurance. Defendant removed the action to this Court on September 19, 2013. On October 9, 2013, Plaintiff filed a Second Amended Complaint with the consent of Defendant, and on November 8, 2013, Defendant filed a Motion to Dismiss the Second Amended Complaint.

In late January 2014, Defendant moved the Court to stay written discovery pending the Court's consideration of the Motion to Dismiss. The Court granted the motion to stay. In March, the Court ruled on the Motion to Dismiss, granting it in part and denying it in part. The Court dismissed all of Plaintiff's fraud and intentional misrepresentation claims, all of her intentional infliction of emotional distress claims, all of her negligence and reckless or negligent misrepresentation claims, and some of her breach of contract and WVCCPA claims. Remaining are: (1) Plaintiff's claim that Defendant required her to get flood insurance in excess of what was required under the Deed of Trust, force-placed the insurance, and charged the cost to Plaintiff; and (2) her claims under the WVCCPA that (a) Defendant wrongfully implied Plaintiff was required by company policy and federal law to purchase additional flood coverage, and (b) Defendant twice threatened to foreclose on her property if she did not pay a property charge of $1,369.70. In April, the Court issued a Scheduling Order, and discovery on the surviving claims began.

In May, Plaintiff filed a motion for leave to file a Third Amended Complaint. Shortly thereafter, in June, Plaintiff filed the instant motion to compel discovery responses to her first and second sets of written discovery. The first set of discovery

apparently was served with the complaint when it was initially filed in state court, and the second set of discovery was served in late March after the Court's ruling on the Motion to Dismiss. The motion to compel was set for hearing in August; however, the hearing was continued at the request of the parties so that they could discuss the possibility of resolving the matters in dispute. In the meantime, Plaintiff was granted leave and filed a Third Amended Complaint, which Defendant answered on August 19, 2014. A revised Scheduling Order was entered with a discovery deadline of March 2, 2015. According to the docket sheet, no formal activity occurred in the case after entry of the Scheduling Order in August until November, when the parties notified the Court that they had not resolved their differences and desired to proceed with discovery. At that time, the motion to compel and for costs was scheduled for hearing.

## II.   Discussion

After hearing from the parties regarding each disputed discovery response, the Court **ORDERS** as follows:

1. Plaintiff's motion to compel is **GRANTED**, and Defendant shall provide full and complete answers to Plaintiff's First Set of Interrogatories**, Interrogatory Nos. 3, 4, and 9.** Although Defendant argues that it has provided Plaintiff with documents showing the names and contact information requested in response to Interrogatory No. 3, Plaintiff disagrees. Defendant says the information is contained in approximately four letters that have been produced. Accordingly, it should not be difficult for Defendant to provide the information even if it has already been supplied pursuant to Fed. R. Civ. P. 33(d). In regard to Interrogatory No. 4, Defendant states that it has provided Plaintiff will a call log and all recordings. Plaintiff agrees that she has received these documents and simply wants to make sure she has everything responsive.

3

Defendant will confirm that all responsive information has been provided.

Finally, Interrogatory No. 9 requests training materials. Defendant contends that these materials are no longer relevant given that Judge Chambers has dismissed all claims related to negligent training. However, Plaintiff asserts that she needs to discover these materials to substantiate her claim that Defendant's employees made oral statements to her in violation of the WVCCPA. Plaintiff believes that Defendant's employees are trained to make incorrect and improper statements regarding the required flood insurance to be obtained by mortgagees, which led to her improper charges for excessive forced-placed flood insurance. Plaintiff argues that Defendant's training materials are relevant to prove that such statements were made.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter … Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Although the Federal Rules of Civil Procedure do not define what is "relevant," Rule 26(b)(1) makes clear that relevancy in discovery is broader than relevancy for purposes of admissibility at trial.[1] *Caton v. Green Tree Services, LLC,* Case No. 3:06-cv-75, 2007 WL 2220281, at *2 (N.D.W.Va. Aug. 2, 2007) (the "test for relevancy under the discovery rules is necessarily broader than the test for

---

[1] Under the Federal Rules of Evidence, relevant evidence is 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' *Boykin Anchor Co., Inc. v. Wong,* Case No. 5:10-cv-591-FL, 2011 WL 5599283 at * 2 (E.D.N.C. Nov. 17, 2011) (citing *United Oil Co., v. Parts Assocs., Inc,* 227 F.R.D. 404. 409 (D.Md. 2005)).

4

relevancy under Rule 402 of the Federal Rules of Evidence"); *Carr v. Double T Diner,* 272 F.R.D. 431, 433 (D.Md. 2010) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case"). The party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *See Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226, 243–44 (M.D.N.C. 2010)(citing *Wagner v. St. Paul Fire & Marine Ins. Co.,* 238 F.R.D. 418, 424–25 (N.D.W.Va. 2006). Taking in to account the broad scope of discovery, the training materials are relevant.

Nevertheless, simply because information is discoverable under Rule 26, "does not mean that discovery must be had." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *Nicholas v. Wyndham Int'l, Inc.,* 373 F.3d 537, 543 (4th Cir. 2004)). Here, Defendant also objects to producing the materials on the basis of burdensomeness and privilege. For good cause shown under Rule 26(c), the court may restrict or prohibit discovery that seeks relevant information when necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). To succeed under the "good cause" standard of Rule 26(c), the party resisting discovery must make a particularized showing as to why a protective order should issue. *Baron Fin. Corp. v. Natanzon,* 240 F.R.D. 200, 202 (D.Md. 2006). Conclusory and unsubstantiated allegations are simply insufficient to support an objection based on the grounds of annoyance, burdensomeness, oppression, or expense. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the

5

burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D.Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D.Fla. 2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome").

In the case of information withheld from discovery on the basis of privilege, the party withholding the information is required to produce contemporaneously with its responses a privilege log that satisfies the requirements of Fed. R. Civ. P. 26(b)(5). Failure to serve such a log on the requesting party may result in a waiver of the privilege. *See Mezu v. Morgan State Univ.,* 269 F.R.D. 565, 577 (D.Md. 2010) ("Absent consent of the adverse party, or a Court order, a privilege log (or other communication of sufficient information for the parties to be able to determine whether the privilege applies) must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege.").

Defendant's objection to Interrogatory No. 9 based on burdensomeness is not persuasive given that Defendant submits no detailed facts in support of that contention. Indeed, at the hearing, defense counsel admitted that the training materials may not even contain specific references to forced-placed flood insurance. Moreover, Defendant served no privilege log with its responses. Therefore, its claim of privilege also appears to be without merit.

6

2. Plaintiff is granted leave to replace **Interrogatory Nos. 11 and 12** with amended versions, but her motion to compel answers to these interrogatories, as currently written, is **DENIED.** Interrogatory Nos. 11 and 12 ask for information regarding Defendant's dealings with all flood insurance companies, not just Lexington Insurance Company, the carrier involved in Plaintiff's case. In light of the dismissal of all of Plaintiff's fraud, misrepresentation, and emotional distress claims, Plaintiff could not demonstrate that these interrogatories sought relevant information. Moreover, Rule 26(b)(2)(C)(iii) requires the court, on motion or on its own, to limit the extent of discovery, when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." This rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Lynn v. Monarch Recovery Management, Inc.,* 285 F.R.D. 350, 355 (D. Md. 2012) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 523 (D. Md. 2010)). Even if the answers could provide tangentially relevant information, the anticipated burden on the Defendant in collecting the information would far outweigh its potential usefulness to Plaintiff.

3. Plaintiff's motion to compel is **GRANTED**, and Defendant shall provide full and complete answers to Plaintiff's Second Set of Interrogatories, **Interrogatory Nos. 1, 5, and 6**. Both Plaintiff and Defendant agree that Defendant has already provided the information requested in Interrogatory Nos. 1 and 6. As far as Interrogatory No. 5, Defendant shall supply Plaintiff with the names, titles, and contact information of each and every employee or agent who played any role in the decision-making, or other process, that resulted in forced-placed flood insurance on Plaintiff's

property.

4. Plaintiff's motion to compel **Interrogatory No. 2** is **DENIED** at this time. At this point in discovery, Plaintiff has shown no relevancy to the information requested. However, if Plaintiff can lay a foundation for the discovery, the Court will reconsider its ruling.

5. Plaintiff's motion to compel **Interrogatory No. 7** is **DENIED**. In light of the dismissal of Plaintiff's fraud, misrepresentation, and intentional infliction of emotional distress claims, this interrogatory does not seek information relevant to any claim or defense.

6. Having ruled on Plaintiff's motion to compel, the Court considers Plaintiff's motions for reasonable expenses and **DENIES** the motion for the following reasons. First, under L. R. Civ. P. 37.1(b) and Fed. R. Civ. P. 37(a), prior to filing a motion to compel, the moving party must arrange to meet and confer with the non-responding party in an effort to resolve the discovery dispute before resorting to court action. That did not happen in this case. To "meet and confer" under the local rule means to either speak on the telephone or to confer in person. L. R. Civ. P. 37.1(b). Sending adverse counsel a letter complaining about the inadequacies of his or her client's discovery responses is not the same as arranging a "meet and confer" session. Filing a motion to compel before attempting in good faith to obtain the discovery through a meet and confer session may result in a forfeiture of the right to receive reasonable expenses under Rule 37(a)(5)(A). *See Frontier–Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.,* 246 F.R.D. 522, 526 (S.D.W.Va.2007) ("[T]he sanction for failing to meet and confer is the denial of a request for expenses incurred in making a motion, including attorney's fees.")

In this case, Plaintiff's counsel sent four letters regarding Defendant's deficit discovery responses. The first letter was dated February 3, 2014, the same day that Judge Chambers stayed written discovery. Not surprisingly, nothing was done by either side to immediately follow-up that correspondence. The next letter was sent on May 8, 2014. The letter identified itself as a "notice" to Defendant that its discovery answers were "seriously inadequate" and advised that a "failure to respond adequately" would "result in a motion to compel." Although Plaintiff's counsel included his telephone number if defense counsel wanted to speak with him, this letter does not comply with the local rule. Plaintiff's counsel was required to contact defense counsel and arrange a meeting, or discuss the matter by telephone.

In any event, Defendant supplied additional materials after the May 8 correspondence, but again Plaintiff was not completely satisfied. Another letter was sent on May 22, 2014 explaining why the supplemental production was insufficient and advising that the remainder of the requested information needed to be produced within five days or a motion to compel would be filed. On May 23, 2014, defense counsel responded in writing. On Sunday, May 25, 2014, Plaintiff's counsel answered again by letter, noting that there appeared to be little room for compromise. Therefore, no meet and confer was conducted, which generally is a prerequisite to reasonable expenses.

Second, the complicated course of the case provides a justification for some of the discovery issues. With all of the amendments to the complaint, the tweaking of the causes of action, the motion to dismiss and subsequent dismissal of a substantial number of claims, determining what was relevant and thus discoverable was something of a moving target. In addition, the parties attempted to negotiate a resolution of the remaining claims, which delayed the process. Taking all of these factors into

9

consideration, when a settlement could not be reached, both parties were justified in seeking guidance on discovery issues without fear of an award of reasonable expenses against them.

Finally, under Rule 37(a)(5)(C), when a motion to compel is granted in part and denied in part, the court may apportion the award of reasonable expenses authorized under Rule 37(a)(5)(A). Here, the motion to compel was only partially granted. When comparing what additional discovery Defendant is compelled to produce against that which Defendant is not compelled to produce,[2] the undersigned finds that neither party substantially bested the other. Accordingly, an award of reasonable expenses simply is not justified in this case.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** December 10, 2014

_____
Cheryl A. Eifert
United States Magistrate Judge

---

[2] Although Rule 37(a)(5)(A) measures a movant's success based upon whether the requested discovery is provided after the motion is filed, rather than what happens at a later-held hearing, due to the unusual time frames in this case and the fact that a meet and confer did not occur until well after the motion was filed, if at all, the undersigned can only look at what remained unproduced at the time of the hearing.